# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

DUANE YATES,

  Petitioner,

vs.

JOHN FAYRUM,

  Respondent.

No. C10-0020-LRR

ORDER

  This matter is before the court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket no. 1). The petitioner submitted such application on February 5, 2010. In addition to submitting his application for a writ of habeas corpus, the petitioner paid the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring $5.00).

  In *Yates v. Baldwin, et al.*, Case #: 1:09-cv-00140-LRR (N.D. Iowa 2009), the court made clear that the petitioner needed to file an action under 28 U.S.C. § 2254 when challenging the loss of good time credit. Here, the petitioner attempted to file an action under 28 U.S.C. § 2254, but he merely referenced his prior case and submitted a lengthy statement of facts. The petitioner did not submit the form that is typically utilized by individuals who seek relief under 28 U.S.C. § 2254. Consequently, the petitioner's application for a writ of habeas corpus does not comply with the general rules of pleading. *See* Rule 4 of the Rules Governing Section 2254 Cases; Fed. R. Civ. P. 8. Further, the petitioner impermissibly asserts multiple claims against multiple parties; the petitioner is

not permitted to raise in a habeas corpus action claims that are more appropriately raised in an action under 42 U.S.C. § 1983.[1] The court's ability to grant habeas relief is limited.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Consistent with such statute, the petitioner is only able to assert the federal claims that he raised in his post-conviction relief action pursuant to Chapter 822 of the Iowa Code, that is, the constitutional claims that the Iowa courts addressed in *Yates v. State*, No. PCLA005276 (Lee County Dist. Ct. 2008), and/or *Yates v. State*, No. PCCV312193 (Webster County Dist. Ct. 2007). *See generally* Iowa Code § 822.1, *et al.* (providing for post-conviction relief). In sum, the court is unable to conduct a review under Rule 4 of the Rules Governing Section 2254 Cases because the documents submitted by the petitioner are improper.

Rather than dismiss without prejudice the instant action, the court finds it appropriate to require the petitioner to submit a proper application for a writ of habeas corpus. Accordingly, the petitioner is directed to utilize the proper form and to file an amended application for a writ of habeas corpus by no later than April 2, 2010. The clerk's office is directed to provide the petitioner with the form that is utilized by individuals who seek relief under 28 U.S.C. § 2254. If the petitioner fails to comply with

---

[1] The court notes that many, if not all, of the impermissible claims appear to be related to *Yates v. Baldwin, et al.*, Case #: 3:09-cv-03004-MWB (N.D. Iowa 2009).

this order, the clerk's office is directed to dismiss without prejudice the instant action.

**IT IS SO ORDERED**.

**DATED** this 2nd day of March, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA