# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DUANE YATES, | |
| Petitioner, | No. C10-0020-LRR |
| vs. | ORDER |
| JOHN FAYRUM, | |
| Respondent. | |

This matter is before the court on the petitioner's motion for transcript (docket no. 19), motion for extension of time to file merits brief (docket no. 20) and renewed motion for appointment of counsel (docket no. 21). The petitioner submitted each motion on September 10, 2010.

Concerning the petitioner's motion for transcript, the court notes that the petitioner never filed an application to proceed in forma pauperis but finds that the petitioner is entitled to a copy of the post-conviction relief hearing because it has already been produced. Accordingly, the petitioner's motion for transcript is granted. The clerk's office is directed to send the petitioner a copy of the transcript that the respondent submitted (docket no. 23).

With respect to the petitioner's renewed motion for appointment of counsel, the court stands by its previous conclusion. Once again, the court considered the claims that the petitioner asserted, and it does not believe the assistance of counsel is warranted. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a

civil case). This case is not complex, and the standard for prisoner disciplinary proceedings is well established. *See, e.g., Dible v. Scholl*, 506 F.3d 1106, 1110 (8th Cir. 2007) (making clear that a prisoner must receive advance written notice of charge, an opportunity to call witnesses and present a defense and a written statement of the evidence relied upon by the fact finder and the reasons for the disciplinary action); *Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997) (making clear that a disciplinary decision must be supported by some evidence in the record). Further, the petitioner never submitted a financial statement that shows he cannot afford to retain counsel. Accordingly, the petitioner's renewed motion for appointment of counsel is denied.

Lastly, the court finds that the petitioner should be afforded more time to brief the merits of his claims. Accordingly, the petitioner's motion for extension of time is granted. The briefing schedule is as follows: the petitioner is directed to file by no later than October 27, 2010 a merits brief; the respondent is directed to file by no later than November 26, 2010 a response brief; and the petitioner is directed to file a reply brief, if any, by December 8, 2010.

**IT IS SO ORDERED.**

**DATED** this 21st day of September, 2010.

_____
JON STUART SCOLES
Magistrate Judge
UNITED STATES DISTRICT COURT