# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

DUANE YATES,

    Petitioner,

vs.

JOHN FAYRAM,

    Respondent.

No. C10-0020-LRR

ORDER

---

    This matter appears before the court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket no. 3). On February 5, 2010, the petitioner submitted his application for a writ of habeas corpus. On March 31, 2010, the court directed the respondent to address the petitioner's claims (docket no. 5). On April 29, 2010, the respondent complied with the court's order by filing an answer (docket no. 8). He also submitted an appendix that included confidential information. On August 30, 2010, the court established a briefing schedule. On September 15, 2010, the respondent supplemented the record by filing a transcript (docket no. 23). On October 26, 2010, the petitioner filed a brief (docket no. 25). On November 23, 2010, the respondent filed a response brief (docket no. 29). On December 3, 2010, the petitioner filed a reply brief (docket no. 30). The court now turns to consider the petitioner's application for a writ of habeas corpus.

    With respect to whether an evidentiary hearing is warranted, 28 U.S.C. § 2254(e)(2) provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an

> evidentiary hearing on the claim unless the applicant shows that—
>> (A) the claim relies on—
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Due to the limits set forth in 28 U.S.C. § 2254(e)(2), the court concludes that an evidentiary hearing is not warranted. *See Smith v. Bowersox*, 311 F.3d 915, 921 (8th Cir. 2002) (discussing constraints on district court's discretion to hold an evidentiary hearing); *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002) (discussing standard for conducting an evidentiary hearing under 28 U.S.C. § 2254(e)(2)); *Kinder v. Bowersox*, 272 F.3d 532, 542 (8th Cir. 2001) (finding it was proper for district court not to hold an evidentiary hearing because the petitioner did not meet the requirements of 28 U.S.C. § 2254(e)(2)); *Parker v. Kemna*, 260 F.3d 852, 854 (8th Cir. 2001) (same); *Hatcher v. Hopkins*, 256 F.3d 761, 764 (8th Cir. 2001) (same); *cf. Johnston v. Luebbers*, 288 F.3d 1048, 1058-60 (8th Cir. 2002) (assuming that 28 U.S.C. § 2254(e)(2) did not bar the district court from granting an evidentiary hearing and denying the petitioner an evidentiary hearing because such a hearing would not assist in the resolution of his claim).

With respect to the merits of the petitioner's claims, the court deems it appropriate to deny the application for a writ of habeas corpus for the reasons stated in the response brief that the respondent filed because it adequately sets forth the law that is applicable to the petitioner's application for a writ of habeas corpus. The court concludes that the petitioner's application for a writ of habeas corpus is barred by the applicable statute of

limitations under 28 U.S.C. § 2244(d), the petitioner did not comply with 28 U.S.C. § 2254(b)(1)(A) and relief is not available under either 28 U.S.C. § 2254(d). With respect to the last of those grounds, all of the petitioner's arguments, which include but are not limited to the ALJ's role and decision, his right to equal protection, his right to access to the court, the newly discovered evidence, his right to be free from cruel and unusual punishment, his assertions regarding the retaliation he experienced and his other constitutional claims, are not properly before the court, are frivolous or fail as a matter of law. The Iowa courts' adjudication of the petitioner's claims neither resulted in a decision contrary to clearly established federal law nor involved an unreasonable application of clearly established federal law; and (2) the Iowa courts' rulings did not result in a decision that was based on an unreasonable determination of the facts in light of the introduced evidence. *See* 28 U.S.C. § 2254(d). Because there is some evidence of a rule violation, no due process violation occurred. *See Superintendent v. Hill*, 472 U.S. 445, 455-456 (1985). Accordingly, the petitioner's application for a writ of habeas corpus shall be denied.

In a habeas proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if a petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues

must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [petitioner must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the petitioner failed to make the requisite "substantial showing" with respect to the claims he raised. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because there is no debatable question as to the resolution of this case, an appeal is not warranted. Accordingly, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253.

If the petitioner desires further review of his claims, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The petitioner's 28 U.S.C. § 2254 application (docket no. 3) is denied.

2) A certificate of appealability is denied.

**DATED** this 1st day of February, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA